

RECEIVED
SEP - 1 2016
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
| Plaintiff, | ) | |
| v. | ) | 1:16-cv-08612 |
| | ) | Judge John Z. Lee |
| DEPAUL UNIVERSITY | ) | Magistrate Judge Maria Valdez |
| Defendant | ) | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant DEPAUL UNIVERSITY, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of DEPAUL UNIVERSITY (hereinafter, DPU). The Defendant has violated the TCPA by contacting the Plaintiff knowingly, and/or willfully on his cellular telephone via an **"automatic dialing system"** as defined by 47 U.S.C. section 227 (a)(1) without his prior express written consent within the meaning of the TCPA.

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

## PARTIES

3. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

6. Defendant Depaul University is a private institution located at 1 E. Jackson, Chicago, IL 60604.

7. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make

any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[1]

10. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used[2].

11. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…"It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—[3]…"

12. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. Defendant DPU has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

---

[1] 47 U.S.C. § 227 (b)(1)(A)(iii).
[2] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

## A BRIEF OVERVIEW OF TEXT MESSAGING

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

16. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only

five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

18. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

19. Text messages are "calls" within the context of the TCPA. See…Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

## ALLEGATIONS OF FACT

20. On November 18, 2015, Plaintiff received an automated text message from Defendant DPU, calling from short code #467467 on his cellular phone at 678-235-XXXX. The text read as follows:

**Thanks for opting in! Watch for important news/deadlines from Depaul(maximum one per week). Message and data rates apply Text OUTDP to opt out.**

21. Plaintiff immediately responded with a reasonable means to opt out of the messages by replying **"Out"**

22. Defendant DPU automated system responded with:

**Shop Text: Sorry we didn't understand your text. Or your session expired. Check the spelling and reply w/the keyword. No quotes or spaces. For help, reply HELP**

23. Plaintiff sent several text messages to Defendant trying to get this this text messaging campaign to stop.

24. Plaintiff has received at least seventeen (17) unsolicited text messages after he told the Defendant to not contact him anymore. Plaintiff continues to receive these text messages up until the present day.

25. Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.

## QUESTIONS OF LAW

26. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff cellular telephone using an automate telephone dialing system or artificial or prerecorded voice;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Using prohibited automated equipment and without prior express written consent, the Defendant DPU, contacted the Plaintiff at least seventeen (17) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

29. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

### PRAYER FOR RELIEF

a) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. section 227(b)(3);

b) Assessing against DPU, all costs incurred by the Plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com