IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 8612 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| DEPAUL UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Ricky R. Franklin has filed this suit against Defendant DePaul University alleging violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227. DePaul moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In addition, DePaul challenges Franklin's standing to bring this case. For the reasons set forth below, DePaul's motion to dismiss is denied.

**Factual Background**

According to Franklin, DePaul sent a series of unsolicited text messages to his personal cell phone. On November 18, 2015, Franklin received an automated text message from short code #467467 to his cell phone. Compl. ¶ 20, ECF No. 6. The text read, "Thanks for opting in! Watch for important news/deadlines from Depaul (maximum one per week). Message and data rates apply[.] Text OUTDP to opt out." *Id.* (spacing added). Franklin alleges that he never provided his cell phone number to DePaul, nor did he give prior express consent to be called. *Id.* ¶ 25. Upon receiving the initial message, he immediately responded by replying "Out." *Id.* ¶ 21. DePaul's automated system responded with: "ShopText: Sorry we didn't understand your text. Or your session expired. Check the spelling and reply w/ the keyword. No quotes or spaces.

For help, reply HELP." *Id.* ¶ 22 (spacing added).  Franklin states that he sent several subsequent text messages in an attempt to stop the messaging campaign.  *Id.* ¶ 23.  Nevertheless, he continued to receive at least seventeen unsolicited text messages after telling DePaul to stop contacting him.  *Id.* ¶ 24.  He also alleges that he continues to receive such text messages to the present day.  *Id.*  Based on these facts, Franklin claims that DePaul violated the TCPA.

## Analysis

DePaul moves to dismiss Franklin's complaint for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  Because the Court's "first task, as it is in every case, is to determine whether [it has] subject matter jurisdiction" over the plaintiff's claims, *Swan v. Bd. of Educ. of City of Chi.*, 956 F. Supp. 2d 913, 917 (N.D. Ill. 2013) (quoting *Grinnell Mut. Reins. Co. v. Haight*, 697 F.3d 582, 584 (7th Cir. 2012)) (internal quotation marks omitted), the Court will address the issue of standing before turning to the sufficiency of Franklin's allegations under Rule 12(b)(6).[1]

### I. Rule 12(b)(1): Standing

Under Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject-matter jurisdiction, including claims for which the parties lack standing.  *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999).  In ruling on a Rule 12(b)(1) motion, the Court must accept as true all well-pleaded facts and may look beyond the jurisdictional allegations to evidence submitted on the issue of subject-matter jurisdiction.  *St. John's United*

---

[1] In its reply brief, DePaul insists that it "has not yet moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1)."  Reply at 1 n.1, ECF No. 22.  But the Court has "an independent duty to ensure subject-matter jurisdiction," even where the parties have not addressed it.  *Dexia Crédit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010).  In any event, DePaul's opening brief does, in fact, raise the issue of standing.  *See* Def.'s Mem. Supp. Mot. Dismiss 4, ECF No. 17 ("Plaintiff's allegations . . . fail for Plaintiff's lack of standing."); *id.* at 1 n.1 ("It is possible that Plaintiff's TCPA claim also lacks standing, and therefore should be dismissed pursuant to Rule 12(b)(1).").

*Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). The Court must also draw all reasonable inferences in the plaintiff's favor. *Id.*

"[I]f the litigants do not have standing, the Court is without authority to consider the merits of the action." *Swan*, 956 F. Supp. 2d at 918 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In a TCPA case, a plaintiff must have both Article III standing and statutory standing to bring his claims. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (holding that a plaintiff must satisfy Article III standing requirements separately from the requirement of statutory standing); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 791 F. Supp. 2d 622, 625 (N.D. Ill. 2015) (distinguishing the issue of statutory standing in TCPA case from the issue of Article III standing).

Article III standing requires the plaintiff to show a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 678 (2016) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Article III "injury-in-fact" is a concrete and particularized, actual or imminent invasion of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In ruling on a motion to dismiss for lack of standing, the court will not presume an injury to be too minor, because "[s]uch a presumption would be inconsistent with the court's duty to draw reasonable inferences of fact" in the plaintiff's favor. *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 779 (N.D. Ill. 2008).

In turn, a plaintiff has statutory standing where his "interests fall within the zone of interests protected by the law invoked." *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1302 (2017) (internal quotation marks omitted); *accord United States v. All Funds on Deposit*

*with R.J. O'Brien & Assocs.*, 783 F.3d 607, 617 (7th Cir. 2015). In other words, the text of the statute from which the plaintiff's claim arises must indicate that "Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *D.G. ex rel. Tang*, 791 F. Supp. 2d at 624 (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)).

First, Franklin has Article III standing to bring this case. He alleges that DePaul sent him unwanted text messages in a manner that violated his right of privacy. Compl. ¶¶ 12, 20, 24. Such alleged injury falls squarely within the body of cases where courts have found sufficient injury to meet the injury requirement to bring a TCPA claim. *See Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 993 (N.D. Ill. 2016); *Aranda v. Caribbean Cruise Line, Inc.*, 202 F. Supp. 3d 850, 854–57 (N.D. Ill. 2016); *Martin v. Leading Edge Recovery Sols., LLC*, No. 11 C 5886, 2012 WL 3292838, at *2–4 (N.D. Ill. 2012); *see also Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16–066–DCR, 2016 WL 3820195, at *2 (E.D. Ky. 2016) (holding that plaintiff had standing to bring TCPA claim and noting that "[plaintiff's] alleged harms, such as invasion of privacy, have traditionally been regarded as providing a basis for a lawsuit in the United States"); *Mey v. Got Warranty, Inc.*, 193 F. Supp. 3d 641, 644–45 (N.D.W. Va. 2016) (noting that unwanted calls in violation of the TCPA may cause monetary injury by causing the consumer to incur charges for calls and electricity costs to recharge the phone). Furthermore, the alleged violation of Franklin's privacy is traceable to DePaul's text messages, and if he prevails, Franklin's injury may be redressed by recovery of statutory damages.

DePaul suggests that there may now be a more stringent standard to show injury-in-fact to establish Article III standing following the Supreme Court's decision in *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016). *See* Def.'s Mem. Supp. at 1 n.1; Reply at 1 n.1. In *Spokeo*, the Court held that to establish Article III standing, in addition to a "particularized" injury, the

4

plaintiff must have a "concrete" injury, or a "*de facto*" or "real" injury that "actually exist[s]." *Spokeo*, 136 S. Ct. at 1548. Although the contours of *Spokeo* are still being flushed out, courts post-*Spokeo* have continued to find Article III standing in cases alleging violations of the TCPA where the defendant placed unsolicited calls to a consumer's cell phone. *See, e.g.*, *Dolemba*, 213 F. Supp. 3d at 992–94; *Aranda*, 202 F. Supp. 3d at 853–59 ("[B]oth history and the judgment of Congress suggest that violation of [the TCPA] is sufficient to constitute a concrete, *de facto* injury."); *Mey*, 193 F. Supp. 3d at 644–50. Accordingly, even post-*Spokeo*, the Court concludes that Franklin has Article III standing to bring this suit.

Additionally, the face of Franklin's complaint shows that he has statutory standing. The TCPA states that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also grants the called party the right to sue any person violating this provision. *Id.* § 227(b)(3). Franklin alleges that DePaul violated the TCPA by placing multiple "calls"[2] to him in the form of text messages using an automatic telephone dialing system. Compl. ¶¶ 20, 24.

Comparing the text of the TCPA with Franklin's allegations, the Court finds that Franklin states sufficient facts to show that his interests fall within the zone of interests protected by the TCPA, and he accordingly has statutory standing to assert a TCPA claim. *See D.G. ex rel. Tang*, 791 F. Supp. 2d at 625 (holding that plaintiff had statutory standing to bring TCPA claim where he allegedly received unsolicited calls to his personal phone from defendant). For all of the above reasons, Franklin has both constitutional and statutory standing to bring this case.

---

[2] The parties do not dispute that a text message to a cell phone qualifies as a "call" within the scope of 47 U.S.C. § 227(b)(1)(A)(iii). *Cf. Campbell-Ewald*, 136 S. Ct. at 667 (discussing TCPA claim in connection with unsolicited text messages).

**II.    Rule 12(b)(6)**

A motion under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). The federal notice pleading standard requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). A complaint must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Lang v. TCF Nat'l Bank*, 249 F. App'x 464, 466 (7th Cir. 2007)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" and "is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

In evaluating a motion to dismiss, all well-pleaded allegations in the complaint are accepted as true, and courts must draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). When ruling on a Rule 12(b)(6) motion to dismiss, a court can take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). Additionally, a complaint's factual allegations may be supplemented by "documents that are attached to the complaint," as well as "documents that are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *see* Fed. R. Civ. P. 10(c); *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

In moving to dismiss the complaint, DePaul argues that Franklin's allegations fail to state a claim because he gave prior express consent to receive the text messages in question. Under the TCPA, a defendant may avoid liability by proving that it made a call with the prior express consent of the called party. *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). "Express consent is an affirmative defense on which the defendant bears the burden of proof." *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017). While complaints need not anticipate affirmative defenses, *Levin v. Miller*, 763 F.3d 667, 671 (7th Cir. 2014), "a court may dismiss a suit on the basis of a valid affirmative defense that is obvious from the face of the complaint." *Toney*, 75 F. Supp. 3d at 734 (citing *Syler v. Will Cty.*, 564 F. App'x 848, 849 (7th Cir. 2014)). Granting a motion to dismiss on the basis of an affirmative defense is appropriate only where a plaintiff has pleaded all elements of the affirmative defense in the complaint. *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

First, DePaul asks the Court to dismiss the complaint because it sent Franklin the initial text message with his prior express consent. Def.'s Mem. Supp. at 5–6. According to DePaul, it is clear from the fact that the initial text message read "Thanks for Opting In!" that "[Franklin's] phone number was 'opted in' to receiving text messages from DePaul." Reply at 2. But Franklin explicitly states in his complaint that he "has never provided his cellular phone number to the Defendant or given his prior express consent to be called." Compl. ¶ 25. Because this allegation must be accepted as true, *Cole*, 634 F.3d at 903, Franklin's allegations are sufficient to survive a motion to dismiss.

DePaul nevertheless asks the Court to ignore Franklin's allegation that he never gave prior express consent, arguing that this allegation is a legal conclusion that "cannot withstand a

7

motion to dismiss." Def.'s Mem. Supp. at 8.[3] As noted above, however, prior express consent is an affirmative defense, and Franklin need not anticipate or attempt to plead around affirmative defenses. *Levin*, 763 F.3d at 671. Moreover, this assertion is not, in fact, merely a legal conclusion, because Franklin supports it with additional factual allegations, stating that he "has never provided his cellular phone number to the Defendant." Compl. ¶ 25. Construing the complaint liberally and drawing inferences in Franklin's favor, the Court must credit Franklin's claim that he did not consent to receiving DePaul's texts at this preliminary stage.

Undeterred, DePaul seeks to bolster its argument by including an exhibit of an online form from its website, as well as an exhibit of what seems to be a series of back-end system screenshots, neither of which is attached to Franklin's complaint. Def.'s Mem. Supp., Exs. A–B. But these exhibits are not central to Franklin's claim, and the Court declines to consider them in ruling on this motion. Franklin is correct in his brief, stating that he has "not referred to Exhibit A or B" and has "never seen these forms [and does] not know where they come from." Pl.'s Mem. Opp. 6 n.1, ECF No. 20.

Nor will the Court take judicial notice of these exhibits. Courts in this district have rejected invitations to take judicial notice of exhibits such as website printouts, except where the party offering the materials shows that they are "matters of public record" or "come from sources whose accuracy cannot reasonably be questioned." *Hill v. Capital One Bank (USA), N.A.*, No. 14-CV-6236, 2015 WL 468878, at *5 (N.D. Ill. 2015) (internal quotation marks omitted) (collecting cases). By contrast, DePaul's exhibits appear to consist of screenshots of some

---

[3] Relatedly, DePaul argues it is not plausible that it would have contacted Franklin if he had not provided his number on DePaul's website. Def.'s Mem. Supp. at 8. However, there are several plausible alternative ways in which Franklin may have received the automated texts. For example, a third party may have opted in using Franklin's phone number without his knowledge, or DePaul may have mistakenly sent the message to Franklin due to a systematic error. It will be the task of the parties to nail this down during discovery.

unspecified computer program or Internet site whose accuracy has not been verified, and it is difficult to even determine the source of Exhibit B. Because the exhibits are not sources whose accuracy "cannot be reasonably questioned," the Court will not take judicial notice of their content. *Cf. Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011).[4]

Last, DePaul argues that Franklin's failure to opt out of subsequent text messages after receiving the first message shows continual express consent to receive the subsequent messages.[5] Specifically, DePaul claims that Franklin failed to use a reasonable means available to opt out by replying with the word "Out" instead of with the keyword "OUTDP" as instructed. Def.'s Mem. Supp. at 7. Again, this is an issue of fact that the Court cannot consider at this stage of the litigation. Drawing reasonable inferences in Franklin's favor, it is hardly clear from the face of the complaint that he intended to give his express consent to receive further text messages by texting "Out," instead of "OUTDP." In fact, texting "Out" may just as well support Franklin's opposing assertion that he intended to opt out of DePaul's text messages. More importantly, even assuming *arguendo* that Franklin consented to receive these subsequent text messages, he is entitled to proceed with his TCPA claim because he alleges that he never expressly consented to the initial text message. In other words, even if Franklin could be found to have consented to the

---

[4] DePaul references *Bassiouni v. C.I.A.*, No. 02 C 4049, 2004 WL 1125919 (N.D. Ill. Mar. 31, 2004), as an example of where a court took judicial notice of its website. Def.'s Mem. Supp. at 2 n.2 (citing *Bassiouni*, 2004 WL 1125919, at *1). Not only was *Bassiouni* a case at the summary judgment stage and thus distinguishable from the present case, the cited material in *Bassiouni* simply referenced undisputed public information regarding a party's professional biography. The Court is therefore unpersuaded by DePaul's reliance on *Bassiouni*.

[5] In addition, DePaul argues that Franklin failed to plead that any of the subsequent messages after the initial message were even from DePaul, and that such texts "appear to have been completely unrelated to DePaul or its originally-intended communication." Reply at 5. Franklin, however, specifically pleads in his complaint that "Defendant contacted [him] at least seventeen (17) times by means of automatic text messaging to a cellphone." Compl. ¶ 24; *see also id.* ¶ 22 (alleging that DePaul's automated system sent a text message to Franklin's phone).

subsequent messages by failing to text the precise keyword "OUTDP," he would still be entitled to proceed with his TCPA claim based on his receipt of the initial text.

In sum, Franklin has adequately alleged a cause of action for DePaul's violation of the TCPA. Contrary to DePaul's contention, Franklin has not pleaded himself out of court or alleged that he expressly consented to receive text messages from DePaul. The complaint is thus sufficient to survive DePaul's motion to dismiss.

## Conclusion

For the reasons stated herein, DePaul's motion to dismiss the complaint under Rule 12(b)(6) [16] is denied.

IT IS SO ORDERED.                    ENTERED   7/28/17

_John Lee_ (signature)
_____

**John Z. Lee**
**United States District Judge**